Eric STITT, a minor, by Next Friend, Debbie STITT, et al., Appellants,

v.

RAYTOWN SPORTS ASSOCIATION, INC., Respondent.

No. WD 53894.

Missouri Court of Appeals, Western District.

Feb. 10, 1998.

H. Kent Desselle, Independence, for Appellants.

Randa Rawlins, Kansas City, for Respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Eric Stitt, a minor, by Debbie Stitt (Eric's mother), as next of friend, and Debbie Stitt and Craig Stitt (Eric's father), individually, appeal the summary judgment of the Circuit Court of Jackson County in favor of Raytown Sports Association, Inc., respondent, on their separate claims for damages from a brain injury Eric sustained resulting from a near fatal drowning which occurred while he was attending a pool party at the home of a coach of his baseball team. The trial court sustained the respondent's motion for summary judgment on the basis that it owed no duty to Eric to protect him from unreasonable and foreseeable dangers associated with the pool party.

In their sole point on appeal, the appellants claim that the trial court erred in sustaining respondent's motion for summary judgment because respondent was not entitled to judgment as a matter of law. In this respect, the appellants contend that the material facts on which the respondent relied in its motion for summary judgment to show a lack of duty owed from respondent to Eric were in dispute in that a contrary inference, that the respondent did owe a duty to Eric, could be drawn therefrom.

We affirm.

### Facts

The evidence viewed in the light most favorable to the appellants is as follows. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). During the summer of 1994, Eric Stitt, who was six years old at the time, was a member of the "Yankees" little league baseball team, which played in a league organized and operated by Raytown Sports Association, Inc., respondent, a not-for-profit corporation organized for the purpose of providing athletic programs for area participants. On July 9, 1994, Eric attended a pool party for the "Yankees'" along with his parents, Debbie and Craig Stitt, at the home of Roger and Lonna Potter, parents of a "Yankees'" team member. The decision to arrange the party was made by several of the players' parents during one of the last games of the year. At the pool party, team mem-

bers were to receive their league participation trophies and return their uniforms. However, attendance at the pool party was not required by the team's coaches or the respondent. Players were free to make other arrangements to receive their trophies and return their uniforms. Other than the appellants' contention that Cindi Dunlap and Mary Sanders, as "team parents," were members of respondent's Executive Board of Directors, and thus, agents of the respondent, respondent was not involved in any respect with planning the party or approving it and had no prior notice that it was to be held.

At some point during the party, Eric's parents noticed that he was missing. After a brief search, Eric was spotted underwater in the deep end of the pool. He was then removed and resuscitated. However, as a result of oxygen deprivation he experienced while under water, he sustained severe brain damage which has left him in a permanent vegetative state.

On September 20, 1995, the appellants filed a two-count petition for damages against the Potters, respondent, and Jeff McMullin, the manager of the "Yankees" during the summer of 1994. In Count I of the petition, Eric Stitt sought damages for his personal injuries. In Count II of the petition, Mr. and Mrs. Stitt sought damages for loss of consortium and medical expenses incurred on Eric's behalf. The petition asserted these claims based on a theory of negligence against all of the named defendants for failing to provide proper supervision for the swimming pool, failing to maintain proper safety devices near the pool, and failing to maintain the clarity of the water in the pool. Appellants eventually settled their claims against the Potters and Mr. McMullin. On October 2, 1996, appellants were granted leave to amend their cause of action against respondent by alleging that it failed to properly supervise and train personnel in pool safety, failed to screen applicants for team managers and coaches, and for "approving an end-of-year party or negligently allowing an end-of-year party without prior permission of the [respondent]."

Respondent moved for summary judgment as to all claims of the appellants alleging, *inter alia*, that it did not have a duty to protect Eric from unreasonable dangers associated with a pool party in that: (1) it did not sponsor the pool party; (2) it had no prior knowledge of the event; and, (3) it exercised and had no right to control any activities in regard to the pool party. On January 1, 1997, the trial court entered summary judgment in favor of respondent as to all of the appellants' claims concluding that "as a matter of law that [respondent] owed no duty to [Eric] to provide security at the pool party," and " '[t]hat there is no genuine issue as to any material fact and that [respondent] is entitled to a judgment as a matter of law' as required by Rule 74.04(c)(3)."

This appeal follows.

### Standard of Review

Our review of a summary judgment is essentially *de novo*. *ITT,* 854 S.W.2d at 376. We review the record in the light most favorable to the party against whom judgment was entered and accord him the benefit of all reasonable inferences from the record. *Id.; Williams v. City of Independence,* 931 S.W.2d 894, 895 (Mo.App.1996). Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact; and, (2) the movant is entitled to judgment as a matter of law. *ITT,* 854 S.W.2d at 377; *Williams,* 931 S.W.2d at 895.

### I.

The respondent alleged in its motion for summary judgment, as to the claims of all three appellants, that on the undisputed facts they could not recover against it for the negligence alleged by them, because: (1) it did not sponsor, sanction or have any control over the pool party at which Eric was injured, and thus, did not have a duty to protect him; and, (2) the alleged negligent acts and omissions of which appellants complained were not the proximate cause of Eric's injuries. The trial court sustained respondent's motion for summary judgment on the basis that respondent did not owe a duty to Eric to protect him from the unrea-

sonable and foreseeable dangers associated with the pool party in question. There is no real dispute between the parties concerning the underlying facts of the case. The controversy concerns what permissible inferences can be drawn from the facts as alleged by respondent in its motion for summary judgment as to a duty owed by the respondent to Eric. In this vein, appellants claim that the facts alleged by it in its motion are subject to two competing inferences, one that respondent owed no duty to Eric, and the contrary inference that it did. As such, the appellants are claiming that the respondent was not entitled to summary judgment.

To be entitled to summary judgment a movant must demonstrate that there is: (1) no genuine dispute of material fact; and, (2) he or she is entitled to judgment as a matter of law. *ITT*, 854 S.W.2d at 377; *Williams*, 931 S.W.2d at 895. In this regard,

> if the movant requires an inference to establish his right to judgment as a matter of law, and the evidence reasonably supports any inference other than (or in addition to) the movant's inference, a genuine dispute exists,

and thus, the movant is not entitled to summary judgment. *ITT*, 854 S.W.2d at 382. If the movant is the defending party, as is the case here, he or she can establish a *prima facie* case for summary judgment by one or more of the following three means: (1) showing facts that negate any one of the appellants' elements facts; (2) showing that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimants' elements; or, (3) showing that there is no genuine dispute as to the existence of each of the facts necessary to support respondent's properly pleaded affirmative defense. *ITT*, 854 S.W.2d at 381.

■ For the appellants to be entitled to recover for Eric's injuries on a theory of negligence, they were required to show that: (1) the respondent owed a duty to protect Eric from injury; (2) it breached that duty; and, (3) the breach was the proximate cause of his injury. *Martin v. City of Washington*,

848 S.W.2d 487, 493 (Mo.banc 1993). In respondent's motion for summary judgment, it employed the first means for establishing a *prima facie* case for summary judgment by alleging facts which it contended negated appellants' allegation that it owed a duty to Eric which was breached. In this respect, the respondent alleged in its motion that: (1) it. did not sponsor, sanction, or have any control over the pool party at which Eric was injured; (2) it did not request nor require Eric's team, the "Yankees," to hold the pool party or any other end-of-the-year party; (3) it did not give approval or permission to hold the pool party; (4) it was not provided with any prior notice that the pool party was to be held; (5) it did not assist in the planning or execution of the pool party; (6) it did not provide monetary support, food, beverages or invitations for the pool party; (7) it did not require that participation trophies be handed out at pool parties or any other type of year-end party; and, (8) it did not sponsor or give prior approval for the pool party at the Potters'. Thus, the first issue for us to decide is whether the respondent made a *prima facie* case for summary judgment based on the material facts alleged in its motion which, if true, would negate appellants' allegation that the respondent owed a duty to protect Eric from unreasonable and foreseeable dangers associated with the pool party.

■ The element of a duty owed is unique among the elements of negligence "because the existence of duty is a question of law" to be decided by the court. *Strickland v. Taco Bell Corp.*, 849 S.W.2d 127, 131 (Mo.App.1993). In this respect, the question of whether a duty exists "depends upon a calculus of policy considerations." *Lough v. Rolla Women's Clinic, Inc.*, 866 S.W.2d 851 (Mo.banc 1993). Among these considerations, "[f]oreseeability is the paramount factor in determining existence of a duty, but a relationship between the parties where one is acting for the benefit of another also plays a role." *Id.* (citations omitted). As such, foreseeability alone is not enough to establish a duty. *Id.* In this respect, there must also be some right or obligation to control the activity which presents the danger of injury. *See Wilson v. St. Louis Area Council, Boy*

*Scouts of Am.,* 845 S.W.2d 568 (Mo.App.1992) (holding that the respondent organization owed no duty to provide supervision to protect minor children from harm where it had no control over the specific activities out of which the injury arose); *Conroy v. City of Ballwin,* 723 S.W.2d 476 (Mo.App.1986) (holding that the city had no duty to supervise or train its police officers in a safe method of target shooting, which was an off-duty activity over which the city had no control). Like the defendants in *Wilson* and *Conroy,* the respondent here also contends that it owed no duty to Eric because it had no control over the activity at which he was injured. In this regard, given the similarity of issues between the case at bar and *Wilson, supra,* we find it to be most persuasive in resolving the issue presented here.

■ In *Wilson,* the plaintiffs' son, Tony, went on an overnight trip with his scout troop and five volunteer leaders. During the trip, he was electrocuted when a metal pipe with which he was playing came into contact with a power line. The parents sued the local boy scout council to recover for the wrongful death of their son. The court in *Wilson* held that the defendant organization was entitled to summary judgment because it did not have a duty to protect the decedent from unreasonable and foreseeable dangers since the event during which the fatal accident occurred was outside the scope of council activities and its control, in that the defendant did not sponsor the trip. *Wilson,* 845 S.W.2d at 572–73. *Wilson* stands for the proposition that in order to impose a duty on a defendant organization to protect its members against unreasonable and foreseeable dangers associated with an activity, such as the pool party in question, the activity must be under the organization's control. Here, if we accept as true the allegations made in respondent's motion, the pool party in question was outside the scope of respondent's activities and not under its control. Thus, following *Wilson* and assuming as true the facts as alleged by the respondent in his motion for summary judgment, the respondent did not owe a duty to Eric to protect him from unreasonable and foreseeable dangers associated with the pool party. As such, the respondent established a *prima*

*facie* case for summary judgment by showing facts which negated the existence of a duty, one of the necessary elements facts of appellants' negligence claim against the respondent. *ITT,* 854 S.W.2d at 381.

Once the movant has met the burden imposed by Rule 74.04(c), for making a *prima facie* case for summary judgment, the non-movant, in order to defeat summary judgment for the movant, must show that one or more of the material facts relied upon by the movant is genuinely disputed. *Id.* In this regard,

'an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing there is a genuine issue for trial.'

*Id.* (quoting Rule 74.04(e)). In this regard, appellants' response

shall admit or deny each of movant's factual statements ... shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits.

Rule 74.04(c)(2). A genuine dispute can be established if the facts "reasonably support any inference other than (or in addition to) the movant's inference," *ITT,* 854 S.W.2d at 382, which is the appellants' contention here. As such, we will next examine the appellants' response to respondent's motion for summary judgment to determine if it sets forth "specific facts" which would reasonably support an inference that respondent owed a duty to Eric to protect him from unreasonable and foreseeable dangers associated with the pool party.

As stated, *supra,* in its motion, the respondent made numerous allegations regarding its lack of control over the pool party. In response to these allegations, the appellants denied that the respondent was not involved with any aspect of controlling or supervising the pool party in two respects: (1) that the "team parents," who planned the party, Cindi Dunlap and Mary Sanders, were members of

respondent's Executive Board of Directors, and thus, agents of the respondent; and, (2) that the pool party had become an activity of the respondent through "custom and practice." We will address each of these contentions separately.

 In regard to appellants' agency contention,

> [t]wo elements are required to establish an agency relationship: (1) the principal must consent, expressly or impliedly, to agent's acting on principal's behalf, and (2) the agent must be subject to the principal's control.

*Wray By and Through Wray v. Samuel U. Rodgers' Community Health Center,* 901 S.W.2d 167, 170 (Mo.App.1995) (citations omitted). In addition, agency can be established by apparent authority.

> Apparent authority is authority which a principal, by its acts or representations, has led third persons to believe has been conferred upon an agent; such authority does not arise if the third person does not act in belief that the agent possesses authority to act on the principal's behalf.

*Link v. Kroenke,* 909 S.W.2d 740, 745 (Mo. App.1995). In the appellants' response to respondent's motion alleging agency, they did not allege that the respondent consented, expressly or impliedly, to Mrs. Dunlap and Mrs. Sanders acting on its behalf, or that they were subject to respondent's control, with respect to any element of planning or supervising the pool party. In addition, appellants did not allege that the respondent led them to believe that it had conferred authority upon Mrs. Dunlap and Mrs. Sanders to plan or supervise the pool party in any respect. Furthermore, the appellants failed to refer to any specific facts in the pleadings, discovery or affidavits which would support a claim that the respondent consented, expressly or impliedly, to their acting on its behalf, were subject to respondent's control, or were represented to be acting on behalf of respondent with regard to any element of planning or supervising the pool party. Appellants also fail to refer to any specific facts which would support a claim that the respondent had led them to believe that it had conferred authority upon them to plan or supervise the pool party in any respect. The appellants' response was simply a legal conclusion that the individuals who planned the party were acting as agents of the respondent in the planning and supervising of the pool party. As such, appellants' response alleging an agency relationship between the individuals who planned the party and the respondent was insufficient under Rule 74.04 to establish the contrary inference that a duty was owed from the respondent to Eric, on which inference they rely to defeat respondent's motion for summary judgment.

 We next address the appellants' contention that respondent owed a duty to protect Eric from the unreasonable and foreseeable dangers associated with the pool party because it had become an activity of the respondent through "custom and practice." In support of their allegation that holding year-end parties was the custom and practice of the respondent, the appellants in their response referred to portions of several depositions. After reviewing these references in light of the fact that a "custom" is a definite, uniform, and known practice under certain definite and uniform circumstances, *Swindell v. J.A. Tobin Const. Co.,* 629 S.W.2d 536, 544 (Mo.App.1981), we find they do not support the appellant's allegation that year-end parties were a custom and practice. The testimony was that these parties sometimes occurred, but the appellants refer to nothing to suggest they were a definite, uniform, and a known practice. Moreover, even assuming, *arguendo,* that year-end parties did constitute a definite, uniform and known practice, and thus, qualified as a custom and practice, the appellants' response still was insufficient to suggest that such parties were a custom and practice *of the respondent,* over which it exercised a substantial degree of control. As such, the appellants' response alleging that year-end parties had become the "custom and practice" of the respondent was insufficient under Rule 74.04 to establish the contrary inference that a duty was owed from the respondent to Eric, on which inference they relied to defeat respondent's motion for summary judgment.

For the reasons stated, *supra,* we find that the appellants failed in their response to

respondent's motion for summary judgment to establish by specific references to facts in the pleadings, discovery or affidavits the contrary inference that respondent owed a duty to protect Eric against unreasonable dangers at the pool party in question. Thus, appellants failed to establish a "genuine dispute" as to the element of duty, the negation of which the respondent relied in making its *prima facie* case for summary judgment. As such, the appellants failed to rebut respondent's *prima facie* case for summary judgment, and the trial court did not err in granting respondent's motion for summary judgment on the negligence claims of the appellants. *ITT*, 854 S.W.2d at 381.

Point denied.

## Conclusion

The circuit court's summary judgment for respondent is affirmed.

All concur.